IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Valentine Pineda, | ) | CA 1:05-2633-CMC |
| | ) | |
| Petitioner, | ) | **OPINION and ORDER** |
| | ) | |
| -versus- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on a motion received from Petitioner titled "Motion for Memorandum of Law and Fact in Support of Successive § 2244 and § 2255 Pursuant to 28 U.S.C., to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody." This motion was received September 12, 2005, and filed by the Clerk as a new 28 U.S.C. § 2255 petition.

Petitioner's motion is either the third § 2255 petition filed by Petitioner this year (*see* C/A 1:05-1023-CMC, dismissed April 11, 2005; C/A 1:05-1856-CMC, dismissed September 1, 2005), or a motion Petitioner intended to file with the Fourth Circuit Court of Appeals. In either event, the motion must be dismissed, as this court is without jurisdiction to entertain it.

If Petitioner's motion is a new § 2255 petition, it is successive in nature. Therefore, Petitioner's failure to seek permission from the appropriate court of appeals to file a second or successive petition prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not done this (if it is a new § 2255 application), the court dismisses this "motion" because it is without jurisdiction to consider it.

If Petitioner meant for the Fourth Circuit Court of Appeals to consider his motion as a petition under 28 U.S.C § 2244, it is obviously not properly filed in *this* court. Therefore, the court must dismiss this motion from its docket.[1]

Under either scenario, this court must **dismiss** this motion as it is without jurisdiction to consider it. This dismissal is without prejudice to Petitioner's right to file this motion in the appropriate court of appeals if he so desires.

**IT IS SO ORDERED**.

                                          s/ Cameron McGowan Currie
                                          CAMERON McGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 29, 2005

C:\temp\notesFFF692\~3224757.wpd

---

[1] Material for consideration by the Fourth Circuit Court of Appeals should be mailed to: Patricia S. Conner, Clerk, United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia, 23219-3517.